IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LESTER HICKMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 04-1365-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, | ) |
| and M. JANE BRADY, | ) |
| Attorney General for | ) |
| the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

Lester Hickman. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: November 14, 2005
Wilmington, Delaware

**ROBINSON**, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Lester Hickman's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is currently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Delaware State Police officers were conducting surveillance of petitioner's residence ("trailer") on April 2, 2001 when, at 4:35 p.m., they observed a motor vehicle arrive at his trailer. Petitioner met the driver of the vehicle in his front yard, and then he went alone behind his trailer. Petitioner proceeded to walk to what appeared to be a predetermined point, turned left, walked three paces, and went down to the ground on one knee. He then removed a dark object from the ground, and returned to the front yard. Petitioner and the driver conversed for thirty seconds, the driver left in his vehicle, and petitioner returned to the same location in the backyard. He then crouched down and appeared to put something in the ground.

At approximately 5:51 p.m. the same day, a second motor vehicle arrived at petitioner's trailer, and the police officers

1

witnessed a substantially similar course of events. On this occasion, the officers observed petitioner handling a white object in a clear plastic bag, which he eventually replaced in the ground before returning to his visitor in the front yard.

After this second interaction, petitioner drove a Ford Explorer from in front of his trailer to the location behind the trailer where he had been digging. Two officers continued the surveillance while another officer obtained a search warrant. When additional officers arrived with a search warrant, the police seized a total of $5,895 in cash from petitioner's trailer, .4 grams of crack cocaine from his trailer, and an additional 6.01 grams of crack cocaine underneath a brick buried in the backyard. The crack cocaine was found inside a white container covered in a plastic bag.

A Sussex County grand jury indicted petitioner for trafficking in cocaine (5 to 50 grams), possession of cocaine with intent to deliver, maintaining a dwelling for keeping controlled substances, second degree conspiracy, and possession of drug paraphernalia. In August 2001, a Superior Court jury convicted petitioner of all charges. See State v. Hickman v. State, 2004 WL 1172347 (Del. Super. Ct. Feb. 6, 2004). In November 2001, the Superior Court sentenced petitioner as an habitual offender to a total of two natural life sentences and seven years at Level V incarceration. Id.

2

Petitioner appealed his convictions and sentences, arguing that: 1) the Superior Court erred in failing to provide a limiting instruction related to evidence of his prior bad acts; and 2) the Superior Court erred by failing to decide whether the police officers' execution of the search warrant violated the "knock and announce" rule derived from the Fourth Amendment. On June 7, 2002, the Delaware Supreme Court vacated petitioner's conviction and sentence for the possession of cocaine, but affirmed all of his remaining convictions and sentences. Hickman v. State, 2002 WL 1272154, at **1-2. Petitioner did not file a petition for the writ of certiorari with the United States Supreme Court.

On December 1, 2003, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. His Rule 61 motion alleged five grounds for relief: 1) the government's use of evidence seized from his residence violated the Fourth Amendment; 2) the State did not have sufficient probable cause for a search warrant; 3) the evidence seized from his residence and property during the execution of the search warrant was inadmissible; 4) the State violated his Fourth Amendment rights pursuant to the "knock and announce" rule; and 5) the trial court erred in sentencing him as an habitual offender. State v. Hickman, 2004 WL 1172347, at *1. On February 6, 2004, the Superior Court denied the motion as

procedurally barred under Rule 61(i)(3) and (4). Id. at *1-2. Petitioner appealed, raising two grounds that the search warrant lacked probable cause in violation of his Fourth Amendment rights, and one ground that the Superior court erroneously failed to rule on the fact that the search warrant did not comply with the "knock and announce" rule. (D.I. 10, Appellant's Op. Br. in Hickman v. State, No. 63, 2004) The Delaware Supreme Court affirmed the Superior Court's denial of petitioner's Rule 61 motion for the same reasons articulated in the Superior Court's opinion. Hickman v. State, 2004 WL 2291343 (Del. 2004).

In October 2004, petitioner filed in this court a form § 2254 application asserting four claims: (1) the Superior Court erroneously admitted unlawfully obtained evidence because there was insufficient probable cause to issue the search warrant; 2) the Superior Court erroneously admitted the illegally obtained evidence because the search warrant did not name the place to be searched; (3) the Superior Court erroneously admitted evidence obtained in violation the "knock and announce" rule derived from the Fourth Amendment; and (4) he was improperly sentenced as an habitual offender under state law. (D.I. 1)

The State asks the court to dismiss his entire § 2254 application as untimely.[1] (D.I. 8, at 6-8)

---

[1]The State also correctly asserts that claims one, two, and three, which all assert Fourth Amendment violations, are not cognizable on federal habeas review. In Stone v. Powell, 428

4

Petitioner's § 2254 application is ready for review.

### III. DISCUSSION

#### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. See generally Lindh v. Murphy,

---

U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Here, petitioner filed in the Superior Court a motion to suppress the evidence seized at his residence pursuant to Delaware Superior Court Criminal Rule 41, making the same arguments included in claims one and two of his habeas petition. The Superior Court denied the motion. On direct appeal, petitioner argued that the evidence from his residence was obtained in violation of the "knock and announce" rule, which corresponds to claim three in his habeas petition. The Delaware Supreme Court rejected this argument as meritless. Given that petitioner was afforded an opportunity to litigate his Fourth Amendment claims in the state courts, federal habeas review of these claims is precluded by the Stone bar.
   Additionally, although the State correctly argues that petitioner's fourth claim is procedurally barred from federal habeas review due to his procedural default of the claim at the state court level, the court concludes that this claim alleges a violation of state law that is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Smith v. Phillips, 455 U.S. 209, 211 (1982); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997)("it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim").
   Thus, if the petition were not time-barred, the court would dismiss the petition because none of the claims are cognizable on federal habeas review.

5

521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated October 12, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. He does not allege, nor can the court discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the one-year period

6

begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on June 7, 2002. His conviction became final on September 5, 2002 because he did not apply for certiorari review. See Kapral, 166 F.3d at 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by September 5, 2003. See Wilson v. Beard, - F.3d -, 2005 WL 2559716 (3d Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on October 12, 2004,[2] a little more than one year too late. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

---

[2] A pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated October 12, 2004 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

7

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Consequently, a properly filed state post-conviction motion will not toll AEDPA's limitations period if the motion is filed and pending after the expiration of AEDPA's one-year period. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, when petitioner filed his Rule 61 motion on December 1, 2003, AEDPA's limitations period had already expired in September 2003. Therefore, his Rule 61 motion has no tolling

8

effect.

The court will now consider whether the limitations period can be equitably tolled.

### C. Equitable Tolling

It is well-settled that a federal court may, in its discretion, equitably toll AEDPA's limitations period. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, courts are to "sparingly" apply equitable tolling, and "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

Equitable tolling is only warranted if a petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the application of the equitable tolling doctrine to AEDPA's limitations period to the following circumstances:

>    (1) where the defendant actively misled the plaintiff;
>    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>    (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not alleged, and the record does not reveal, that extraordinary circumstances prevented him from timely filing the instant application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Therefore, the court concludes that the application of the equitable tolling doctrine is not warranted in this case.

Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

10

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

**V.   CONCLUSION**

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

11