ORIGINAL

United States Court of Appeals
For The Third Circuit

RECEIVED
DEC 1 - 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Lester Hickman,
    Appellant,

v.

Thomas L. Carroll, Warden, and the Attorney General of the State of Delaware, M. Jane Brady,
    Appellees.

Circuit Court
Docket Number: _____
District Court
Docket Number: 04-1365-SLR
District Court
Judge: Susan L. Robinson

Application for Certificate of Appealability
Pursuant to 28 U.S.C. §2253(c)(2)

1. The facts necessary to understanding of the controlling question of law determined by the District Court's order are as follows:

    (A) Erroneously admitted unlawful evidence by and through search warrant;
    (b) trial court abuse of discretion;
    (c) violation of the appellant's right under "knock and announce" policys of both the state and federal constitutions; and
    (d) illegal sentencing pursuant to 11 Del. C. §4214(a) and 11 Del. C. §4214(b).

2. The question of law which appellant herein requests this court to decide is: Whether the District Court properly dismissed appellant's petition for habeas corpus relief as time barred.

3. A substantial basis exists for a difference of opinion on this question, for the following reason: The District Court incorrectly applied the applicable principle of 28 U.S.C. §2244(d)(1) to the present case under the one-year statute of limitations as prescribed for the filing of habeas petitions by a state prisoner under AEDPA.

## ARGUMENT

The lower court subjectively interpretates <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) as the controlling authority mandating dismissal of the appellant's petition. However, Jones is not applicable to this case, because the District Court has not looked to determine the timelyness of appellant's collateral appeal under the state's post-conviction rule, nor has it inquired as to whether appellant was delayed through interference of the state or its agents. See <u>Fahy v. Horn</u>, 240 F.3d 239 (3d Cir.) cert. denied, 122 S.Ct. 323 (2001).

Collateral review typically connotes a proceeding "separate and distinct from an earlier proceeding, so also does it - typically entail a challenge to the legality of the earlier proceeding or judgment". <u>Walkowiak</u>, 272 F.3d at 238 (relying on collateral review", as defined Black's Law Dictionary (7th ed. 1999). Over the years several districts of the Court of Appeals having debated the question of "timelyness" have all maintained that. It is not whether the petition is "timely" but whether the petitioner exercises "due deligence" in filing his petition with reasonable time after he becomes aware of the grounds for relief. See

2.

In re Harris, 5 Cal.4th 813, 823, n. 7, 21 Cal.Rptr.2d 373, 855 P.2d 391, 398, n. 7 (1993). Compare Super.Ct.Crim.Rule 61(i)(5). Under Murray v. Carrier, 477 U.S. 478 (1986) (a procedural default is excusable when a claim is interfered with by the government).

The case at bar demonstrates clear fundamentally sounded protected federal constitutional rights of the appellant under Brady that has not been entertained and was the "crux" of the state's case. See Harris, 489 U.S. at 266. In closing, it is noted that the United States Congress has ever suggested that the appellette courts should interject this degree predictability into the one-year statute of limitations under AEDPA. Examples: In re Stankewitz, 40 Cal.3d 391, 396, n.1, 220 Cal.Rptr. 382, 708 P.2d 1260, 1262 n.1 (1985) (hearing merits despite 18 month delay); In re Moss, 175 Cal.App.3d at 921, 221 Cal.Rptr. at 648 (hearing merits despite 9 month delay). The District Court's conclusion in this case is ambiguous. This ambiguity should not benefit the government.

Wherefore, appellant contends that has demonstrated reasonable grounds to review his valid claims of denials of constitutional rights, and that the lower court was incorrect in its ruling under Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dated: Nov 30, 2005

Cc: File
Department of Justice

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

3.